# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>) Case No. 22-mj-02451-LFL<br>James Wagner, )<br>*Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☒ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☒ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On March 22, 2022, the Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1) and (f)(2), to determine whether the Defendant should be detained prior to trial. At that hearing, the government proffered the following information:

On or about March 17, 2022, law enforcement responded to a Walgreens in Miami, Florida, after receiving a 911 call. Upon arriving at the Walgreens, law enforcement spoke with the 911 caller over the phone, who advised that she was walking through the parking lot when the Victim, who was seated in WAGNER's vehicle, tossed a note out of the car window, and asked her to read the note and call the police. The 911 caller picked up the note, which stated that the Victim was being held against her will by WAGNER and asked the reader to call the police. The 911 caller advised police that she then entered the store and called 911. Law enforcement later discovered a second note in the Walgreens' parking lot that also asked that law enforcement be called and provided the address where the Victim was being held. Law enforcement has recovered these notes.

Law enforcement spoke with the Victim at the Walgreens and also interviewed her at the police station. The Victim advised that WAGNER was holding her against her will at a house in Miami, Florida, and was forcing her to engage in commercial sex acts for money. The Victim advised that this had been occurring since approximately June 2021 when she first moved in with Wagner. To obtain clients for the Victim, Wagner posted advertisements on websites known for prostitution, which depicted the Victim and advertised her for commercial sex acts. Law enforcement was able to subsequently view these advertisements. The Victim stated that WAGNER instructed the Victim to charge clients at least $500 for commercial sex acts and made the Victim give him all of the proceeds from the commercial sex acts. The Victim stated that she would engage in commercial sex at hotels or at the residences of the commercial sex customers.

The Victim stated that WAGNER did not allow her to leave home unless she was going to meet a client for commercial sex. The Victim stated she was physically unable to leave the home where she was being kept because the windows in her room were screwed shut, the door had a deadbolt that could only be opened with a key, which only WAGNER had access to, and the front door had a locked security gate. The Victim further advised that WAGNER had her birth certificate and social security card in a locked box inside of the home where she was being kept. The Victim also advised that WAGNER provided her with illicit drugs, including cocaine and "Molly" (MDMA), but would withhold drugs from her if she refused to engage in commercial sex acts. The Victim also stated that WAGNER sold marijuana and "Molly," which he had in the home.

Law enforcement executed a search warrant on the home after WAGNER's arrest and discovered the door with the deadbolt; a window with screws in it, and a front gate with a lock as well as large quantities of marijuana. Additionally, law enforcement spoke with the owner of the home who advised that he did not screw the window shut in one of the bedrooms.

The Victim stated that if she did not make the amount of money that WAGNER required her to make, he would physically batter the Victim by, among other things, punching her in the head, choking her, and raping her. The Victim stated that WAGNER had choked her several times to the point that she had "blacked out," including the night before. In fact, the Victim told law enforcement

that he had battered her the night before because she did not want to follow his instructions during a commercial sex act. Specifically, the Victim advised that WAGNER told her to keep her phone on during the commercial sex act so that he could listen to what she was doing with a client. The Victim did not follow these instructions. Because she did not do so, the Victim was afraid that WAGNER would batter her when she returned home. The Victim stated that when she arrived home, WAGNER hit the Victim with a closed fist in the head and choked her. The Victim advised that she attempted to fight back. While in custody, law enforcement observed scratches on WAGNER's face. The Victim also advised that WAGNER had previously trafficked other women.

The Victim informed law enforcement that WAGNER was not employed, and that WAGNER used the proceeds from the commercial sex acts that he forced the Victim to perform to pay the rent. Law enforcement asked the Victim about $2,000 in U.S. currency that was recovered from WAGNER's person, and she stated that the money was proceeds from her commercial sex acts.

The Victim informed law enforcement that WAGNER had control of her bank account and explained that when a client would send money to her bank account electronically, WAGNER would transfer the money from the Victim's account to WAGNER's account. The Victim allowed law enforcement to view her bank account information on her cell phone, and law enforcement observed several electronic transfers from her account. The Victim advised that the transfers were to WAGNER and were proceeds from the commercial sex acts that WAGNER forced her to perform.

On Friday, while in Federal Custody, the Defendant contacted the victim from the federal detention center using a fake name.

WAGNER was recently released from Florida State Prison in August 2020, after completing a 12-year sentence for Kidnapping and Felony Battery. The Defendant was originally sentenced to a year in prison followed by probation for these offenses, but violated his probation multiple times, resulting in the 12-year sentence. In Miami-Dade County, WAGNER has a total of 9 felony convictions, including the aforementioned convictions for kidnapping and felony battery as well as convictions for being a felon in possession of a firearm, resisting an officer with violence, possession of a controlled substance, and tampering with evidence.

Having considered the evidence and arguments of counsel presented at the hearing, the Court finds, by clear and convincing evidence, that the Defendant poses a danger to the community. This is based upon the unrebutted facts proffered by the government, including the fact that the Defendant has already attempted to contact the Victim in this case as well as his lengthy criminal history, which includes convictions for violent offenses such as kidnapping and felony battery. Additionally, the Court finds, by a preponderance of the evidence, that the Defendant poses a risk of flight and non-appearance if allowed to be out on bond. This is based on the 15-year mandatory-minimum sentence he faces here if convicted, the incentive that sentence provides to flee, the strong evidence against him, and his inability to abide by his conditions of probation in previous state court cases. Accordingly, the Court finds that there is no condition or combination of conditions that can reasonably assure the Defendant's appearance and the safety the community, and the Defendant is ordered detained pending trial.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  3/24/2022

Lisette M. Reid
United States Magistrate Judge