UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20124-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WAGNER,

    Defendant.

_____/

**NOTICE OF REQUEST FOR DISCLOSURES**
**OF SPECIFIC 404B PRIOR BAD ACT EVIDENCE**

The defendant, through undersigned counsel, files this notice of request to supplement certain discovery disclosures pursuant to Fed. R. Evid. 404(b), Fed. R. Crim. P. 16 and paragraph H of the Standing Discovery Order:

In its first discovery submission (DE 12), the government alleged that "you are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine)." The government has yet to provide the defense with any specific 404B evidence notice.

The defense requested specific 404b notice on October 18, 2022. The government responded by saying "I intend call N. H., the victim in Mr. Wagner's 2008 kidnapping case, as a 404(b) witness and introduce his kidnapping conviction. The essence of her testimony has been produced in discovery (USA011984-011985; USA001960-1978; see also attached). I also intend to call L. P. as direct and/or inextricably intertwined evidence of J. S.'s trafficking. I also think L.P.'s testimony could be 404(b) evidence. The essence of L.P.'s testimony has also previously been provided (USA0004300-442). For both N.H. and L.P. (assuming she is 404(b)), I think their testimony would provide proof of Mr. Wagner's intent, identity, motive, and absence of mistake as to his charged offenses. My formal notice is forthcoming."

Accordingly, the defendant, JASON WAGNER, hereby requests specific formal notice (beyond what was provided in the email above) of what 404B evidence the government will introduce at the trial in the instant case. The defendant needs adequate notice in order to effectively prepare for trial in the instant matter.

The defendant requests disclosure of all evidence of other crimes, wrongs or acts that the government intends to introduce at trial, in its case-in-chief or in rebuttal, as required by the 1991 amendment to Fed. R. Evid. 404(b) (requiring disclosure and notice upon request by the accused). The government must specify

the general nature of any such evidence and should articulate with precision the evidentiary purpose of the evidence offered. *See United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994); *United States v. Tony*, 948 F.3d 1259, 1261 (10th Cir. 2020); *United States v. Kearn*, 863 F.3d 1299, 1309 (10th Cir. 2017); *United States v. Aguirre*, 368 F. App'x 979, 989 (11th Cir. 2010). Accordingly, the defendant requests that the government identify the date, time and location of the alleged incident, the witnesses who will testify about the incident, the nature of the incident, and the purported relevance to this case. *See United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009) (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir.1994)) ("[W]hen evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged."); *United States v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998) (merely providing physical or other evidence to the defense in the course of discovery does not satisfy the explanatory obligation imposed on the government under Fed. R. Evid. 404(b)); *United States v. Matthews*, 226 F.3d 1075, 1082-83 (9th Cir. 2000)(government obligated to notify defendant of evidence offered primarily to show involvement in other offenses even if related to charged offense); *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (purpose of Fed. R. Evid.

3

404(b) notice requirement is to protect defense from "trial by ambush"); *United States v. Bradley*, 644 F.3d 1213, 1273 (11th Cir. 2011); *United States v. Figueroa*, No. 09-20610-CR, 2010 WL 11506680, at *3 (S.D. Fla. July 7, 2010). Additionally, the defendant requests disclosure of all *Brady/Agurs/Giglio and Napue* material pertaining to each such incident, as otherwise defined by paragraphs C and D of the Standing Discovery Order.

          Respectfully Submitted,

          **MICHAEL CARUSO**
          **FEDERAL PUBLIC DEFENDER**

By:   */s/ Christian Dunham*
       Assistant Federal Public Defender
       Florida Bar No.: 146587
       150 W. Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       Tel: (305) 533-4177
       E-mail: christian_dunham@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 25, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christian Dunham*