UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20124-CR-ALTONAGA(s)

UNITED STATES OF AMERICA

vs.

JASON WAGNER,

    Defendant.

_____/

**UNITED STATES' NOTICE OF INTENT TO USE DIRECT,
INEXTRICABLY INTERTWINED, AND 404(B) EVIDENCE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Direct, Inextricably Intertwined, and Rule 404(b) Evidence. The evidence detailed below is direct evidence of the charged crimes, as well as inextricably intertwined evidence that will provide the jury with a complete and accurate understanding of the Defendant's charged criminal conduct. Alternatively, the evidence is admissible pursuant to Rule 404(b) to prove the Defendant's identity, motive, plan, intent, knowledge, and absence of mistake or accident in the offenses charged in the Superseding Indictment.

## I. BACKGROUND

The Superseding Indictment charges the Defendant with sex trafficking three adult women, kidnapping, obstruction of a sex trafficking investigation, and use of a facility in interstate and foreign commerce in aid of a racketeering enterprise (prostitution). (DE 38). In addition to the three victims named in the Superseding Indictment, the United States has

discovered that the Defendant previously sex trafficked and battered two other women, L.P. & N.C.  The Defendant also previously kidnapped, raped, and branded N.C.  For his crimes against N.C., the Defendant pled to state charges of kidnapping and felony battery and was ultimately sentenced to 12 years' imprisonment.  *See Florida v. Wagner*, No. F08-012510 (Fla. Miami-Dade Cir. Ct.)

Accordingly, the United States provides notice to the Defendant that it intends to admit evidence of these acts as direct, inextricably intertwined, and 404(b) evidence of the crimes charged in the indictment.

## II.   LEGAL STANDARD

### a.  Direct and Inextricably Intertwined Evidence

"Evidence of criminal activity other than the offense charged is not extrinsic provided that the evidence is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'" *United States v. Ellisor*, 522 F.3d 1255, 1269 (11th Cir. 2008) (quoting *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000)). It is axiomatic that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)); *see also United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (holding that "evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an

'integral and natural part of the witness's accounts of the circumstances surrounding the offenses to which the defendant was indicted.'" (quoting *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989)).

Moreover, the advance disclosure of direct and inextricably intertwined evidence is offered to assist the defense in understanding the scope of the case, as the United States is "not required to provide notice of intrinsic evidence." *United States v. Thanh Quoc Hoang*, 560 F. App'x 849, 853 (11th Cir. 2014) ("Hoang complains that he was not notified before the evidence was introduced at trial, but the government was not required to provide notice of intrinsic evidence."); *see also United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009); *see also United States v. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989) ("Since these acts are not 404(b) evidence, the government was not required to give the defendants' notice of their intention to use them.").

### b.  404(b) Evidence of other Crimes, Wrongs, or Acts

Pursuant to Federal Rule of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Courts in this Circuit apply a three-prong test to assess the admissibility of evidence under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

The Eleventh Circuit has recognized that Rule 404(b) is "a rule of inclusion, and . . . accordingly '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'" *Id.* (quoting *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994)); *see also United States v. Stephens*, 365 F.3d 967, 975 (11th Cir. 2004)). Rule 404(b) is a rule "of inclusion which allows [extrinsic] evidence unless it tends to only prove criminal propensity. The list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." *Stephens*, 365 F.3d at 975 (quoting *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989) (internal quotations omitted)). "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). "The relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses." *Id.* Finally, as with any evidence, the probative value of proffered 404(b) evidence must not be *substantially outweighed* by unfair prejudice. *Jernigan*, 341 F.3d at 1282 (internal quotations omitted) (emphasis in original). "This determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Id.*

### III. EVIDENTIARY NOTICE

**a. Evidence that the Defendant trafficked and battered L.P. is direct evidence of, and inextricably intertwined with, the charged conduct. Alternatively, the evidence establishes the Defendant's motive, intent, plan, knowledge, identity, and absence of mistake as to the charged crimes.**

At trial, the United States intends to present evidence that the Defendant trafficked and battered L.P. in 2021. Specifically, the Defendant posted online advertisements offering L.P. for commercial sex, L.P. performed multiple commercial sex acts as a result, and the Defendant kept all of the proceeds. During this time, the Defendant provided L.P. with drugs and had sex with her. Additionally, while trafficking L.P., the Defendant trafficked, and advertised for commercial sex via the internet, Adult Victim 1 and an unknown female. L.P. observed the Defendant provide Adult Victim 1 with drugs and also observed the Defendant strike the unknown female.[1] The Defendant also advised L.P. that he was a member of the Latin Kings gang.[2]

The aforementioned evidence is direct evidence of, and inextricably intertwined with, count 1 (sex trafficking of Adult Victim 1 by force and coercion) and count 6 (use of a facility of interstate and foreign commerce in aid of a racketeering enterprise) because L.P. is an eyewitness to these crimes. To the extent her testimony is considered 404(b) evidence, the United States intends to introduce it to establish that the Defendant is the perpetrator of the crimes charged in the indictment, as well as to demonstrate the Defendant's motive,

---

[1] An audio recording of L.P.'s interview with law enforcement was produced to defense counsel on April 15, 2022.

[2] After the Defendant's arrest in the instant case, law enforcement executed a search warrant on the Defendant's home and discovered identification cards belonging to L.P. in a locked box in the Defendant's room.

opportunity, intent, plan, knowledge, and absence of mistake in committing the charged crimes.

      **b. Evidence that the Defendant sex trafficked, kidnapped, battered, raped, and branded N.C. establishes the Defendant's motive, intent, plan, knowledge, identity, and absence of mistake in committing the charged crimes.[3]**

At trial, the United States also intends to present evidence that the Defendant trafficked, kidnapped, battered, raped, and branded N.C. N.C. met the Defendant when she was approximately 15 years old after she had run away. The Defendant approached N.C. while she was walking down the road and offered her a place to stay. N.C. began living with the Defendant, and they eventually began a romantic and sexual relationship. Thereafter, the Defendant made N.C. use another individual's personally identifiable information to obtain a driver's license indicating that she was over 18 years old and forced her to work in various strip clubs and provide him with the proceeds. N.C. also engaged in commercial sex at the strip clubs, and the Defendant forced her to give him all of the proceeds. N.C. occasionally tried to keep someone of the proceeds, and the Defendant beat her when he found out. The Defendant regularly beat N.C. He also forced her to get a crown tattoo.

The Defendant kept N.C. in an apartment where the windows were boarded shut. The Defendant also slept on a mattress in front of the front door of his home in an effort to keep N.C. in his home. On one occasion, N.C. was able to escape from the Defendant while she was at a strip club, but the Defendant, who was a passenger in a vehicle, approached her in the vehicle with a firearm, forced her in a car, took her back to his home, raped her, and beat

---

[3] In addition to providing the instant notice, the United States has also produced reports to defense counsel outlining N.C.'s anticipated testimony, as well as police reports and witness statements from the case file of the Miami-Dade State Attorney's Office and Miami-Dade Police Department.

her. N.C. eventually escaped when the landlord came to the home inquiring about the rent. N.C. ran out the front door and the Defendant chased after her. N.C. made it to a gas station where she was rescued. The Defendant pled guilty to kidnapping and felony battery of N.C. and was sentenced to 12 years' imprisonment.

At trial, the United States intends to present evidence and testimony from N.C. and others of the foregoing, as well as to introduce the Defendant's certified convictions for this conduct, to demonstrate the Defendant's motive, opportunity, intent, plan, knowledge, and absence of mistake in committing the charged crimes.

### IV. CONCLUSION

The United States has provided reasonable notice of its intent to introduce evidence of other crimes, wrongs, or acts, pursuant to Fed. R. Ev. 404(b)(3).

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:   /S/ *Lacee Elizabeth Monk*
LACEE ELIZABETH MONK
Assistant United States Attorney
Florida Bar No. 100322
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9427
Lacee.Monk@usdoj.gov