UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-20124-ALTONAGA (s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WAGNER,

    Defendant.

_____/

## DEFENDANT JASON WAGNER'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, Defendant JASON WAGNER, by and through his undersigned counsel, and files his objections to the presentence investigation report. In support of his position at sentencing the Defendant states the following:

### I. Facts Contained in the Presentence Investigation Report Which Are In Dispute and/or Objected To By The Defendant.

**Paragraphs 3 through 7** – The Probation Officer sets forth the facts related to Victim One (J.S.) which were the basis of Counts I and II of the Second Superseding Indictment. The jury acquitted Mr. Wagner of Counts I and II which arose from the accusations made by Victim One (J.S.). Because the Defendant was acquitted of these accusations, Mr. Wagner requests that Paragraphs 4 through 7 be excluded from the Presentence Investigation Report.

420 S. Dixie Highway · Suite 4B · Coral Gables, FL 33146 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

**Paragraph 13** – The Probation Officer states that "Wagner slapped Victim number Three for leaving and took her to an unknown area. Wagner had razor-shaved part of Victim Three's head in order to make her less attractive". At trial, Victim Three (N.N.) never testified that Mr. Wagner slapped her for leaving, nor did she testify that Mr. Wagner razor-shaved "part of her head".

**Paragraphs 15 through 18, footnotes 3 through 5** – The Probation Officer, while describing the uncharged conduct which the Government was permitted to introduce at trial pursuant to Federal Rule of Evidence 404(b), utilizes the term "victim" when describing these witnesses. The Defendant objects to the use of the term "victim" for witnesses Nohemy Cruz and Leanne Elseworth because these witnesses were not named as victims in the Second Superseding Indictment. The Defendant submits that the term "witness" should be utilized instead of the word "victim".

**Paragraph 16** – The Probation Officer states that "Victim B was fifteen years-old when the Defendant began his relationship with her". This witness never testified at trial that she was underage and fifteen years old at the time of the relationship with the Defendant. Mr. Wagner submits that witness B's age of fifteen be struck from this paragraph.

**Paragraph 17 and footnote 4** – The Probation Officer states that "Victim B, who was a minor at the time, was impregnated by the Defendant". This fact was never testified at trial. The

Page 2 of 5

420 S. Dixie Highway · Suite 4B · Coral Gables, FL 33146 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

entire factual discourse in Paragraph 17 was never placed in evidence by the witness and should be struck from the presentence investigation report.

**Paragraph 18** – The Probation Officer states that Victim C was told by the Defendant that "her friends had sold her to him". That fact was never presented at trial and should be struck from the presentence investigation report.

**Paragraph 19** – The Probation Officer states that he has not been advised by the Government "whether Wagner made a post-arrest statement". The Defendant objects to this paragraph as being irrelevant. However, should this paragraph remain as part of the presentence investigation report, it should be noted that Mr. Wagner did give a statement and denied any wrongdoing.

## II. Sentencing Factors Which Are in Dispute And/or Objected To By The Defendant

**Paragraphs 25 and 37** – The Probation Officer found that pursuant to §3C1.1 of the U.S. Sentencing Guidelines, the Defendant willfully obstructed, impeded or attempted to impede the administration of justice. As a result, probation increased the Defendant's offense guideline by two levels. However, the Defendant was charged and convicted for Obstruction of Enforcement of the Sex Trafficking Enforcement (Count III). In essence, probation increased the Defendant's guideline for obstruction of justice when he was convicted for obstruction of justice. This would result in an automatic two-level enhancement for all obstruction of justice type of offenses. In other words, a conviction for Obstruction of Criminal Investigations (18 U.S.C. §1510),

420 S. Dixie Highway · Suite 4B · Coral Gables, FL 33146 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

Obstruction of Proceedings Before Departments, Agencies and Committees (18 U.S.C. §1505), Tampering with a Witness (18 U.S.C. §1512), etc. would all automatically have a two-level increase for obstruction of justice upon a Defendant's conviction of one of these "obstruction" offenses. Count III is a type of obstruction offense. According to the application notes for the obstruction of justice guideline "for offenses covered under this section, §3C1.1 (obstructing or impeding the administration of justice) does not apply unless the defendant obstructed the investigation, prosecution, or sentencing of the obstruction of justice count. *See* §2J1.2 (obstruction of justice application note 2(A)". Therefore, a §3C1.1 adjustment should not apply.

WHEREFORE, Defendant, Jason Wagner respectfully requests that this Honorable Court enter its Order granting the objections stated herein.

Respectfully submitted,

ROY J. KAHN, P.A.
420 S. Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Tel: (305) 358-7400
Fax: (305) 358-7222

/s/Roy J. Kahn
ROY J. KAHN
Florida Bar No. 224359
rjk@roykahnlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **January 23, 2024,** I electronically filed the foregoing

Page 4 of 5

420 S. Dixie Highway · Suite 4B · Coral Gables, FL 33146 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

/s/ Roy J. Kahn
ROY J. KAHN

420 S. Dixie Highway · Suite 4B · Coral Gables, FL 33146 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com